UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAND JON ALEXANDER,<br><br>                      Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                      Defendants. | Case No.: 3:20-cv-00100-CAB-KSC<br><br>**ORDER DENYING JOINT MOTION TO TO ENFORCE DEPOSITION SUBPOENA AND COMPEL DEPOSITION TESTIMONY OF INMATE WITNESS JACK MILLER**<br><br>**[Doc. No. 34]** |

Before the Court is the parties' Joint Motion to Enforce Deposition Subpoena and Compel Deposition Testimony of Inmate Witness Jack Miller, CDCR No. E76017 (the "Joint Motion" or "Jt. Mot."). Doc. No. 34. For the reasons stated below, the Joint Motion is **DENIED WITHOUT PREJUDICE**.

As set forth in the Joint Motion and supporting exhibits, Jack Miller ("Miller"), who is currently incarcerated at Wasco State Prison, is believed to have knowledge relevant to this case. Jt. Mot. at 2. After obtaining the Court's leave to depose Miller and other incarcerated witnesses, on January 12, 2021, defendant served a subpoena for Miller's deposition. Jt. Mot. at 1-2; *see also* Doc. No 27 (order authorizing depositions of several inmates); Doc. No. 34-1 at 8-11 (subpoena for Miller's deposition). The subpoena commanded Miller to appear for deposition at Wasco State Prison on March 2, 2021. Doc.

No. 34-1 at 8.  Defendant's counsel, a duly licensed attorney authorized to practice in this Court, signed the subpoena.  *Id.*  At the appointed time, counsel, plaintiff, and a court reporter were virtually present for Miller's remote deposition, but Miller refused to appear.  *See* Jt. Mot. at 2.  Defendant's counsel made a record of Miller's nonappearance, including that Miller had apparently informed a corrections officer that he would not appear and "ha[d] nothing to say."  *See* Doc. No. 34-1 at 23-28.  The parties jointly move the Court to "issue an order compelling … Miller's attendance and testimony at his deposition or face contempt-of-court sanctions."  Jt. Mot. at 3.

As an initial matter, the Court notes that an order compelling Miller's attendance at deposition has *already* been issued, in the form of the subpoena.  "A subpoena under Rule 45 … obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt."  *Sali v. Corona Regional Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018); *see also* Fed. R. Civ. P. 45(a)(1)(A)(iii) (subpoena commands attendance at deposition); *id.* at (a)(3) (an attorney authorized to practice in the issuing court may sign the subpoena); *id.* at (g) (specifying contempt sanctions for noncompliance).  Further, the Court "may not impose … sanctions [under Rule 37] against a nonparty for asserted noncompliance with a deposition subpoena issued under Rule 45."  *Lugo v. Fisher*, No. 1:19-cv-00039-SAB(PC), 2020 WL 6381388, at *1 (C.D. Cal. Oct. 30, 2020) (citing *Sali*, 884 F.3d at 1224).  As the relief sought by the parties already exists and other sanctions for Miller's noncompliance are not available, it is not clear what further intervention the parties seek from the Court.  Accordingly, the Joint Motion is **DENIED WITHOUT PREJUDICE**.  If the parties choose to re-file the Joint Motion, they must clarify the relief sought from the Court.

**IT IS SO ORDERED.**

Dated:  March 30, 2021

Hon. Karen S. Crawford
United States Magistrate Judge