UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAND JON ALEXANDER,<br><br>                                    Plaintiff,<br><br>v.<br><br>PATRICK COVELLO et al.,<br><br>                                    Defendants. | Case No.:  20cv100-CAB-KSC<br><br>**ORDER GRANTING MOTION TO RETAX COSTS**<br>[Doc. No. 65] |

Anand Jon Alexander, a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and who is represented by counsel in this civil action, alleges various state prison officials violated his Eighth Amendment rights and were negligent when they failed to protect him from an attack by another inmate.  On February 22, 2022, this Court issued an order granting Defendants' motion for summary judgment [Doc. No. 55], and judgment was entered accordingly [Doc. No. 56].  On February 28, 2022, Defendants submitted a Bill of Costs. [Doc. No. 57.]  On April 12, 2022, the Clerk of Court taxed costs in the amount of $2,742.95 against Plaintiff.  [Doc. No. 64.]  On April 18, 2022, Plaintiff filed this motion to retax costs.  [Doc. No. 65.]  No opposition has been filed.

DISCUSSION

Plaintiff moves for an order setting aside the Clerk's order taxing costs in favor of defendants. Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorneys fees–should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Any party seeking relief from the Clerk's order taxing costs must file and serve such motion within five (5) days after receipt of the order taxing costs. *See id*. The Ninth Circuit explains that "[b]y its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (*citations omitted*). However, the Court's discretion is not unlimited; a district court must "specify reasons" for its refusal to award costs. *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978).

A district court does not abuse its discretion by refusing to award costs to a prevailing party based on the losing party's limited financial resources or where it is determined there was misconduct on the part of the prevailing party. *See National Org. for Women v. Bank of Cal*., 680 F.2d 1291, 1294 (9th Cir.1982). Conversely, the Ninth Circuit has determined that the district court will abuse its discretion by denying a losing civil rights plaintiff's motion to re-tax costs if it does not consider (1) the plaintiff's limited financial resources; or (2) "the chilling effect of imposing such high costs on future civil rights litigants." *Ass'n of Mexican-American Educators*, 231 F.3d at 591.

Here, Plaintiff's counsel argues that Plaintiff has no assets to pay any portion of the defendant's costs. [Doc. No. 65 at 5.] While Plaintiff's counsel does not provide any evidentiary support for that argument (such as Plaintiff's declaration or prison trust account), given that Plaintiff is incarcerated and defendants have not filed any opposition to this motion, the Court will accept Plaintiff's counsel's representation that Plaintiff is indigent. Given Plaintiff's limited financial resources and the fact that this was a civil

rights case, the Court finds cause to refuse the award of costs. *Ass'n of Mexican-American Educators*, 231 F.3d at 591.

## CONCLUSION

For the reasons set forth above, the motion to retax costs [Doc. No. 65] is **GRANTED,** and the Order Taxing Costs [Doc. NO. 64] is **HEREBY SET ASIDE**.

**IT IS SO ORDERED**.

Dated:  September 14, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge