UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAND JON ALEXANDER,<br><br>  Plaintiff,<br><br>v.<br><br>RALPH DIAZ, Secretary of CDCR, et al,<br><br>  Defendants. | Case No.:  20-cv-100-CAB-KSC<br><br>**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY [Doc. No. 75]** |

On November 17, 2023, Defendants G. Menchaca, K. Grether, C. Cross, and L. Gervasoni ("Defendants") filed a motion for summary judgment based on qualified immunity.  [Doc. No. 75.]  On January 16, 2024, Plaintiff Anand Jon Alexander ("Plaintiff") filed an opposition.  [Doc. No. 78.]  On January 30, 2024, Defendants filed a reply. [Doc. No. 79.]  On March 26, 2024, a hearing was held regarding the motion. Keith Rutman, Esq., appeared for Plaintiff.  Terrence Sheehy, Esq. and Anne Kammer, Esq. appeared for Defendants.  [Doc. No. 82.] For the reasons set forth below, the motion is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff, a California inmate, alleges Defendants were negligent and violated his Eighth Amendment rights by failing to protect him from being assaulted by Inmate Rizzo at Richard J. Donovan Correctional Facility (RJD) on May 18, 2019. Defendants are

correctional staff who reviewed Inmate Rizzo's file, and recommended and approved a "behavioral override" which allowed Inmate Rizzo to be transferred to RJD.

Plaintiff, a convicted sex offender, claims he was at risk of harm from an inmate like Rizzo because Rizzo allegedly targeted sex offenders. Rizzo attacked a sex offender in 2003 and allegedly planned another attack in 2014. However, as of 2015, Rizzo had lived peacefully at High Desert State Prison for years and programmed successfully on a yard with sex offenders. He renounced his gang affiliation, and participated in multiple rehabilitative classes before his transfer to RJD. Based on Inmate Rizzo's exemplary behavioral history and peaceful programing at High Desert State Prison in the three years before his transfer, Defendants approved a behavioral override which allowed for Plaintiff to ultimately be transferred to RJD.

## PROCEDURAL BACKGOUND

This Court previously granted Defendants' Motion for Summary Judgment. [No. 55.] Plaintiff appealed the Order granting Summary Judgment as to Defendants on his Eighth Amendment deliberate indifference to safety claim, and his state law negligence claim. [Doc. No. 58.] The Ninth Circuit affirmed the grant of summary judgment as to Defendant Warden Covello because there was no evidence that would allow a reasonable jury to conclude he knew of, and disregarded, a substantial risk to Plaintiff. *Alexander v. Diaz*, No. 22-55223, 2023 WL 3407082 (9th Cir. May 12, 2023) [Doc. No. 37-1 at 3, 5]. The Ninth Circuit reversed the grant of summary judgment to the Defendants Menchaca, Grether, Cross, and Gervasoni, who approved Rizzo's behavioral override that allowed Rizzo to be transfer to RJD. [*Id*. at 4-5.] The Ninth Circuit did not address the issue of qualified immunity. [*Id*. at 5.]

## LEGAL STANDARD

Rule 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis

for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. Id. at 324.

To avoid summary judgment, the non-moving party is "required to present significant, probative evidence tending to support h[is] allegations," *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citations omitted), and "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff['s] favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed.R.Civ.P. 56; Celotex, 477 U.S. at 323). "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). To avoid summary judgment, disputes must be both 1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and 2) genuine, meaning the evidence must be such that a reasonable judge or jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986*); see also Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) ("Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."). "Factual disputes that are irrelevant or unnecessary will not be counted."

*Anderson*, 477 U.S. at 248; *see also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.").

# DISCUSSION

## A. Qualified Immunity.

Defendants argue they are entitled to qualified immunity because it would not have been clear to reasonable correctional officers, knowing what each Defendant knew about Inmate Rizzo, that transferring Rizzo to RJD posed such a substantial risk of harm to Plaintiff that doing so would be constitutionally impermissible. [Doc. No. 75 at 19-28.] Plaintiff argues that it is clearly established that liability exists for failing to prevent inmate-on-inmate violence based on known assaultive tendencies or vulnerability. [Doc. No. 78 at 15 -26.]

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments.... When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.' " *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). In deciding whether a government official is entitled to qualified immunity, the Supreme Court has articulated a two-prong approach: first, whether the officer's conduct violated a constitutional right[1]; and second, whether the officer's conduct violated "clearly established law." *Pearson v. Callahan*, 555 U.S. 223, 232, 243-44 (2009) ("The principles of qualified immunity shield an officer from personal liability when an officer

---

[1] In reversing this Court's previous order granting summary judgment, the Ninth Circuit found, based on the evidence in the record, that a reasonable jury could conclude that, at the time of his transfer, Rizzo posed a substantial risk of serious harm to sex offenders, a group which includes Alexander. [Doc. No. 73-1 at 3-4.] The Ninth Circuit also found that a reasonable jury could conclude that defendants knew of and disregarded the risk that Alexander faced from Rizzo in their decision to transfer Rizzo to Alexander's prison. [*Id.* at 4-5.] Accordingly, for purposes of the qualified immunity analysis, there is a triable issue as to whether a constitutional violation occurred.

reasonably believes that his or her conduct complies with the law."). "[J]udges of the district courts ... [are] permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Id*. at 236. In the Eighth Amendment deliberate indifference context, the Ninth Circuit has clarified that "the qualified immunity inquiry is separate from the constitutional inquiry." *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002). To survive a motion for summary judgment asserting qualified immunity on a "deliberate indifference claim," a prisoner plaintiff must present sufficient evidence that "a reasonable officer" in defendants' position "would necessarily have perceived ... an excessive risk of serious harm." *Id*. at 1051 (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). "[A] reasonable prison official understanding that he cannot recklessly disregard a substantial risk of serious harm, could know all of the facts yet mistakenly, but reasonably, perceive that the exposure in any given situation was not that high," in which case, "he would be entitled to qualified immunity." *Estate of Ford*, 301 F.3d at 1050.

      Generally, a prison official's housing decision does not violate the Eighth Amendment merely because it increases the risk of harm to a prisoner; the decision is unconstitutionally deliberately indifferent only if "the risk of harm from" the decision to house an inmate with other dangerous inmates "changes from being a risk of some harm to a substantial risk of serious harm." *Id.* at 1051. Further, a prison official is entitled to qualified immunity for harm that arises from a housing decision if "a reasonable officer in [the defendant's] position" would not have known that the decision "posed an excessive or intolerable risk of serious injury." *Id*. at 1052 (citing Farmer, 511 U.S. at 847 n.9). Finally, the determination of whether an officer's conduct violated clearly established law is "an objective examination of whether established case law would make clear to every reasonable official that the defendant's *conduct* was unlawful in the situation he confronted." *Sandoval v. County of San Diego*, 985 F.3d 657, 678 (9th Cir. 2021)(citations omitted)(emphasis in original).

Under these standards, each Defendant is entitled to qualified immunity from liability unless a reasonable officer in his position with the information he had would have perceived a substantial risk of harm to Plaintiff from approving a transfer of Rizzo to RJD.  First, these particular Defendants, who were only involved in the behavioral override approval and not in any immediate housing decisions at RJD, were not aware of Plaintiff or his specific vulnerability.  These Defendants were also not aware of any recent evidence that inmate Rizzo had a propensity for violence. Plaintiff's counsel acknowledged at oral argument that he found no cases where a behavioral override resulted in a constitutional violation. Moreover, Plaintiff's counsel could not point to any policies or procedures that were violated by Defendants when approving the behavioral override for Rizzo.  Thus, there is nothing in the law that would have made it clear to a reasonable officer, knowing what each Defendant knew (viewed in the light most favorable to Plaintiff), that approving a behavioral override for Rizzo posed such a substantial risk of serious harm that doing so would be constitutionally impermissible. *Estate of Ford,* 301 F.3d at 1053.   Rather, Plaintiff relies on cases where the evidence presented indicated that the correctional officials knew of the specific plaintiff-inmate's vulnerability or knew of the aggressor's recent propensity for violence.[2]  Plaintiff also cites to cases for the general proposition that violent inmates should not be housed with vulnerable inmates.  However, none of these cases would have put Defendants on notice that approving a behavioral override for Rizzo, while following policies and procedures, would violate the Eighth Amendment.

---

[2] When asked for his "best case" that would have provided notice to Defendants, Plaintiff's counsel cited to *Howard v. Waide*, 534 F.3d 1227 (10th Cir. 2008).  In *Howard*, Plaintiff alleged that the defendants knew that he had been sexually assaulted by members of a prison gang, and had failed to protect him from future harm by the gang, despite reporting these concerns to them.  *Id.* at 1229.  Thus, *Howard* involved Defendants who allegedly knew of specific threats to the specific Plaintiff.  Here, Defendants had no knowledge of Plaintiff's existence, much less specific threats of harm to him.   Thus, *Howard* does not provide the specificity required by the Supreme Court to provide reasonable notice and destroy qualified immunity.  *Kisela v. Hughes*, 138 S. Ct. 1148, 1152-53 (2018).

Moreover, a reasonable officer would not have clearly understood that risk of serious harm was so high that transferring Rizzo to Donovan was impermissible under the Eighth Amendment. Rizzo had been discipline-free for three years, did not show a pattern of, or continued violent behavior, and was instead engaged in rehabilitative efforts. [*See generally,* Doc. No. 75 at 25-27.] Based on the records they reviewed, and the evidence available to them, reasonable officers in Defendants' position would not have believed that Rizzo would have posed a substantial threat of harm to inmates at another institution. There was also nothing in Rizzo's file to indicate Rizzo may be a threat of harm specifically to Plaintiff. [Doc. No. 75 at 27.] Because it would not have been obvious to reasonable officers in Defendants' position that Plaintiff had a clearly established right to be separated from Rizzo, or that Rizzo posed a known substantial risk of danger to Plaintiff, Defendants are entitled to qualified immunity.

A. **Negligence/Supplemental Jurisdiction.**

Having adjudicated Plaintiff's sole federal claim, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'" *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *4 (S.D. Cal. Aug. 9, 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). The general rule in the Ninth Circuit is when all "federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) (quoting *Jones v. Community Redev. Agency*, 733 F.2d 646, 651 (9th Cir. 1984)).

Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining negligence claim, and that claim is **DISMISSED** without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment as to the Eighth Amendment claim based on qualified immunity is **GRANTED**. The Court **DECLINES** supplemental jurisdiction as to the negligence claim and **DISMISSES** that

1  claim without prejudice.  The Clerk shall enter judgment accordingly and **CLOSE** the
2  case.
3      **IT IS SO ORDERED**.
4  Dated:  April 11, 2024

                                             Hon. Cathy Ann Bencivengo
                                             United States District Judge

8
20-cv-100-CAB-KSC